IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HARVEY LEE FUNCHES**                                                                          **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 3:15cv586-HTW-LRA**

**CHASE E. NOLAND,**
**CNH INDUSTRIAL AMERICA, LLC, D/B/A CASE IH,**
**PROGRESSIVE TRACTOR AND IMPLEMENT**
**COMPANY, LLC, ZIP TIE FARMS, LLC, AND**
**GRIZZLY HARVESTING, LLC**                                                               **DEFENDANTS**

### ANSWER AND DEFENSES TO AMENDED COMPLAINT
### OF DEFENDANT GRIZZLY HARVESTING, LLC

COMES NOW Defendant Grizzly Harvesting, LLC ("Defendant Grizzly"), by counsel, responding to the Amended Complaint ("Complaint") of Plaintiff Harvey Lee Funches ("Plaintiff"), as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief could be granted against Defendant Grizzly.

### SECOND DEFENSE

Plaintiff has failed to join a necessary or indispensable party, or necessary or indispensable parties, or a party or parties needed for a just adjudication, and Plaintiff should be required to join said party or parties pursuant to Rules 17 and 19 of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

As a matter of fact and of law, Plaintiff has no claim against Defendant Grizzly.

## FOURTH DEFENSE

The Court lacks personal jurisdiction over Defendant Grizzly in that Defendant Grizzly does not have the necessary minimum contacts with Mississippi, for purposes of the Court to acquire personal jurisdiction over Defendant Grizzly, and, additionally, Defendant Grizzly is not validly subject to service of process in Mississippi under applicable law.

## FIFTH DEFENSE

Answering the Complaint, by paragraph, Defendant Grizzly states:

### I.

### PARTIES

1. Admitted on information and belief.

2. Admitted on information and belief.

3. Defendant Grizzly lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4. Defendant Grizzly lacks information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. The allegations of Paragraph 5 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

6. Denied, generally and/or as stated.

### II.

### VENUE AND JURISDICTION

7. Denied, insofar as the allegations of Paragraph 7 of the Complaint are directed toward Defendant Grizzly.

8. Defendant Grizzly admits the first sentence of Paragraph 8 of the Complaint but denies the remaining allegations of Paragraph 8 of the Complaint and denies that the Court can properly obtain personal jurisdiction over Defendant Grizzly, as Defendant Grizzly lacks the necessary minimum contacts with Mississippi and is not subject to service of process under applicable Mississippi law in any event.

### III.

### FACTS

9. Denied.

10. Denied, as stated.

11. Denied.

12. Admitted on information and belief with regard to the left arm of Plaintiff being severed from his body but, otherwise, denied.

### IV.

### CAUSES OF ACTION

### COUNT I

### NEGLIGENCE OF DEFENDANT CHASE E. NOLAND

13. Denied.

14. Denied, generally and/or as stated, and Defendant Grizzly denies Defendant Noland violated any such duties in any event.

15. Denied.

16. Denied.

### GROSS NEGLIGENCE OF DEFENDANT CHASE E. NOLAND

17. Defendant Grizzly adopts and incorporates here by reference its foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 17 of the Complaint.

18. Denied.

19. Denied.

### COUNT II

### CAUSES OF ACTION AGAINST CNH INDUSTRIAL AMERICA, LLC D/B/A CASE IH

20. Defendant Grizzly adopts and incorporates here by reference its foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 20 of the Complaint.

21. The allegations of Paragraph 21 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

22. The allegations of Paragraph 22 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

23. The allegations of Paragraph 23 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

24. The allegations of Paragraph 24 of the Complaint, and the sub-paragraphs thereof, are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

25. The allegations of Paragraph 25 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

### GROSS NEGLIGENCE OF DEFENDANT CASE

26. The allegations of Paragraph 26 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

### COUNT III

### CAUSE OF ACTION AGAINST PROGRESSIVE TRACTOR AND IMPLEMENT COMPANY, LLC

27. Defendant Grizzly adopts and incorporates here by reference its foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 27 of the Complaint.

28. The allegations of Paragraph 28 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

29. The allegations of Paragraph 29 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

### NEGLIGENCE OF PROGRESSIVE TRACTOR AND IMPLEMENT

30. Defendant Grizzly adopts and incorporates here by reference its foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 30 of the Complaint.

31. The allegations of Paragraph 31 of the Complaint, and the sub-paragraphs thereof, are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

## GROSS NEGLIGENCE OF DEFENDANT
## PROGRESSIVE TRACTOR AND IMPLEMENT

32. The allegations of Paragraph 32 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

## DEFENDANT NOLAND ACTING AS AGENT OF
## PROGRESSIVE TRACTOR AND IMPLEMENT

33. Defendant Grizzly adopts and incorporates here by reference its foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 33 of the Complaint.

34. The allegations of Paragraph 34 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

## PROGRESSIVE TRACTOR AND IMPLEMENT'S
## FAILURE TO ENFORCE CONTRACT

35. Defendant Grizzly adopts and incorporates here by reference its foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 35 of the Complaint.

36. The allegations of Paragraph 36 of the Complaint, and the sub-paragraphs thereof, are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

37. The allegations of Paragraph 37 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

## COUNT IV

### CAUSE OF ACTION AGAINST GRIZZLY HARVESTING

38. Defendant Grizzly adopts and incorporates here by reference its foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 38 of the Complaint.

39. Denied, as stated.

40. Denied.

### GROSS NEGLIGENCE OF DEFENDANT GRIZZLY

41. Denied.

## COUNT V

### CAUSE OF ACTION AGAINST ZIP TIE FARM, LLC

42. Defendant Grizzly adopts and incorporates here by reference its foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 42 of the Complaint.

43. The allegations of Paragraph 43 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

44. The allegations of Paragraph 44 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

### GROSS NEGLIGENCE OF DEFENDANT ZIP TIE

45. The allegations of Paragraph 45 of the Complaint are not directed toward Defendant Grizzly and, therefore, no response thereto is due from Defendant Grizzly.

## COUNT V

## DAMAGES

46. Defendant Grizzly adopts and incorporates here by reference its foregoing responses to the paragraphs and allegations of the Complaint adopted and incorporated by reference by Plaintiff in Paragraph 46 of the Complaint.

47. Denied, insofar as the allegations of Paragraph 47 of the Complaint are directed toward Defendant Grizzly.

48. Denied, insofar as the allegations of Paragraph 48 of the Complaint are directed toward Defendant Grizzly. Defendant Grizzly also denies the allegations of the last unnumbered paragraph of the Complaint, insofar as those allegations of the Complaint are directed toward Defendant Grizzly; denies Plaintiff is entitled to a judgment against Defendant Grizzly and in the amount or form requested; and denies Plaintiff is entitled to a judgment against Defendant Grizzly in any amount or form.

## **SIXTH DEFENSE**

Negligence and/or other fault on the part of Plaintiff was the sole proximate cause, or a proximate contributing cause, of the accident and/or any injuries and/or damages here at issue.

## **SEVENTH DEFENSE**

Negligence and/or other fault on the part of another person or entity, or other persons or entities, for whom or which Defendant Grizzly has no liability or responsibility, was the sole proximate cause, or a proximate contributing cause, of the accident and/or any injuries and/or damages here at issue.

### EIGHTH DEFENSE

Defendant Grizzly hereby invokes all aspects of Mississippi law concerning apportionment of fault and/or damages and/or on limitations on damages.

### NINTH DEFENSE

Any assessment of punitive damages against Defendant Grizzly would violate its rights under the Constitutions of the State of Mississippi and the United States of America, all in various and numerous particulars.

### TENTH DEFENSE

Defendant Grizzly hereby invokes all aspects of Mississippi procedural and/or substantive law, with regard to defenses to and/or limitations upon, the attempted punitive damages claim or claims of Plaintiff against Defendant Grizzly.

### ELEVENTH DEFENSE

Certain of the injuries and/or damages claimed by Plaintiff existed before the date of the alleged accident at issue, or arose thereafter, and have nothing at all to do with the alleged accident at issue, so Defendant Grizzly could in no event have any liability or responsibility to Plaintiff for such injuries and/or damages.

### TWELFTH DEFENSE

Plaintiff has failed to reasonably mitigate Plaintiff's alleged damages.

### THIRTEENTH DEFENSE

As a matter of fact and of law, Plaintiff has no claim against Defendant Grizzly for punitive damages.

## FOURTEENTH DEFENSE

As a matter of fact and of law, Plaintiff has no claim against Defendant Grizzly in any event.

## FIFTEENTH DEFENSE

Defendant Grizzly hereby reserves any and all additional procedural and/or substantive defenses available to Defendant Grizzly at present, or that may be shown by continuing investigation and/or discovery, all of which procedural and/or substantive defenses are specifically reserved and not waived by or on behalf of Defendant Grizzly.

And now, having fully answered, Defendant Grizzly requests the Court to dismiss, with prejudice, the Complaint of Plaintiff and to assess all costs to Plaintiff.

THIS the 5th day of February, 2016.

Respectfully submitted,

DEFENDANT GRIZZLY HARVESTING, LLC


BY:  /s/Sam S. Thomas
     SAM S. THOMAS (MSB #8307)

ATTORNEY FOR DEFENDANT GRIZZLY HARVESTING, LLC

OF COUNSEL:

THOMAS LAW, P.C.
POST OFFICE BOX 2790 (39130)
115-A HOMESTEAD DRIVE
MADISON, MISSISSIPPI 39110
(601) 355-3668 (TELEPHONE)
(601) 427-0041 (FACSIMILE)
sst@underwoodthomas/com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Dean Andrews, Jr., Esq.
903 Jackson Street
Vicksburg, Mississippi 39183

THIS the 5th day of February, 2016.

　　　　　　　　　　　　　　　　　　　　　　　/s/Sam S. Thomas
　　　　　　　　　　　　　　　　　　　　　　　SAM S. THOMAS