**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**HARVEY LEE FUNCHES**                                                                    **PLAINTIFF**

**VS.**                                                      **CAUSE NO. 3:15cv586 HTW-LRA**

**CHASE E. NOLAND,
CNH INDUSTRIAL AMERICA, LLC,
d/b/a CASE IH, PROGRESSIVE TRACTOR
AND IMPLEMENT COMPANY, LLC,
ZIP TIE FARMS, LLC and GRIZZLY
HARVESTING, LLC**                                                            **DEFENDANTS**

**PROGRESSIVE TRACTOR**                                          **CROSS-PLAINTIFF**

**VS.**

**CHASE E. NOLAND AND
GRIZZLY HARVESTING, LLC**                                 **CROSS-DEFENDANTS**

**ANSWER AND DEFENSES OF DEFENDANT, PROGRESSIVE TRACTOR
AND IMPLEMENT COMPANY, LLC, TO PLAINTIFF'S
<u>AMENDED COMPLAINT AND CROSS-CLAIM</u>**

COMES NOW, defendant, Progressive Tractor and Implement Company, LLC (hereinafter

referred to as "Progressive Tractor"), by and through its attorneys of record herein, and files this its

Answer and Defenses to the plaintiff's Amended Complaint and its Cross-Claim as follows:

<u>**FIRST DEFENSE**</u>

Plaintiff's Amended Complaint fails to state a claim against Progressive Tractor upon which

relief can be granted and consequently, the Amended Complaint should be dismissed pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.

<u>**DEFENDANT DEMANDS A JURY TRIAL**</u>

-1-

## SECOND DEFENSE

Progressive Tractor raises all other Rule 12(b) Federal Rules of Civil Procedure defenses which may be applicable.

## THIRD DEFENSE

Without waiving the above defenses, or any other defense set forth herein, Progressive Tractor  answers the allegations of the Amended Complaint, paragraph by paragraph as follows:

### 1.

The allegations contained in Paragraph 1 of the Amended Complaint are admitted, based on present information and belief.

### 2.

The allegations contained in Paragraph 2 of the Amended Complaint are admitted, based on present information and belief.

### 3.

The allegations contained in Paragraph 3 of the Amended Complaint are admitted, based on present information and belief.

### 4.

Progressive Tractor admits the allegations contained in Paragraph 4 of the Amended Complaint.

### 5.

The allegations contained in Paragraph 5 of the Amended Complaint are admitted, based on present information and belief.

6.

The allegations contained in Paragraph 6 of the Amended Complaint are admitted, based on present information and belief.

7.

The allegations contained in Paragraph 7 of the Amended Complaint are admitted, subject to amendment after discovery.

8.

The allegations contained in Paragraph 8 of the Amended Complaint are admitted, based on present information and belief.

9.

The allegations contained in Paragraph 9 of the Amended Complaint are denied as stated, subject to amendment after discovery.

10.

The allegations contained in Paragraph 10 of the Amended Complaint are denied as stated, subject to amendment after discovery.

11.

The allegations contained in Paragraph 11 of the Amended Complaint are denied as stated, except this defendant admits an accident occurred between plaintiff and Chase Noland on the approximate date and approximate place alleged. All of plaintiff's conclusory allegations as to how or why the accident happened are denied.

12.

The allegations contained in Paragraph 12 of the Amended Complaint are denied as stated, except to admit the plaintiff sustained an injury to his left arm, the nature and extent to which is not presently known by this defendant.

13.

The allegations in Paragraph 13 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 13 are denied as stated.

14.

The allegations in Paragraph 14 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 14 are denied as stated.  Defendant denies plaintiff's conclusory allegations of alleged legal duties owed.

15.

The allegations in Paragraph 15 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 15 are denied as stated.  Defendant denies plaintiff's conclusory allegations of alleged legal duties owed.

16.

The allegations in Paragraph 16 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 16 are denied as stated.  Defendant denies plaintiff's conclusory allegations of alleged legal duties owed.

17.

Progressive Tractor reasserts and incorporates all of its Answers and Defenses as set forth

in Paragraphs 1 through 16 above.

18.

The allegations in Paragraph 18 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 18 are denied as stated.

19.

The allegations in Paragraph 19 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 19 are denied as stated.

20.

Progressive Tractor reasserts and incorporates all of its Answers and Defenses as set forth in Paragraphs 1 through 19 above.

21.

Progressive Tractor admits it is a dealer for CNH Industrial America, LLC, d/b/a Case IH. Progressive Tractor admits it rented the subject disc to Chase Noland and Grizzly Harvesting, LLC. All remaining allegations in Paragraph 21 of the Amended Complaint not specifically admitted are denied as stated.

22.

The allegations in Paragraph 22 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 22 are denied as stated.

23.

The allegations in Paragraph 23 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 23 are denied as stated.

24.

The allegations in Paragraph 24, including subparagraphs (a) through (g), of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 24, including all of its subparts, are denied as stated.

25.

The allegations in Paragraph 25 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 25 are denied as stated.

26.

The allegations in Paragraph 26 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 26 are denied as stated.

27.

Progressive Tractor reasserts and incorporates all of its Answers and Defenses as set forth in Paragraphs 1 through 26 above.

28.

Progressive Tractor admits it is a company engaged in the business of leasing and selling farm equipment, including the subject disc.  Based on present information and belief, Progressive

Tractor admits Chase Noland is a member or officer of Grizzly Harvesting, LLC. All remaining allegations contained in Paragraph 28 not specifically admitted are denied. The terms of any alleged lease agreement between Grizzly Harvesting, LLC and Progressive Tractor speak for themselves.

29.

Progressive Tractor admits that an accident involving Harvey Funches occurred on the approximate date alleged.  All remaining allegations not herein specifically admitted are denied as stated.

30.

Progressive Tractor reasserts and incorporates all of its Answers and Defenses as set forth in Paragraphs 1 through 29 above.

31.

All of the allegations contained in Paragraph 31 of the Amended Complaint including sub-paragraphs (a) through (g) are denied. Progressive Tractor denies all allegations of negligence or wrongdoing in connection with the cause of this accident. Progressive Tractor further specifically denies that the plaintiff is entitled to damages from Progressive Tractor in any amount whatsoever.

32.

The allegations contained in Paragraph 32 of the Amended Complaint are denied.

33.

Progressive Tractor reasserts and incorporates all of its Answers and Defenses as set forth in Paragraphs 1 through 32 above.

34.

Progressive Tractor admits it entered into a lease agreement with Chase Noland and Grizzly

Harvesting, LLC, the terms of which speak for themselves. All remaining allegations set forth in Paragraph 34 of the Amended Complaint not specifically admitted are denied. Progressive Tractor further specifically denies Chase Noland was an agent of Progressive Tractor and denies any liability under any alleged theory for the alleged actions of Chase Noland.

35.

Progressive Tractor reasserts and incorporates all of its Answers and Defenses as set forth in Paragraphs 1 through 34 above.

36.

All of the allegations contained in Paragraph 36 of the Amended Complaint, including sub-paragraphs (a) through (c) are denied as stated. Progressive Tractor denies all allegations of negligence or wrongdoing in connection with the cause of this accident.

37.

The allegations contained in Paragraph 37 of the Amended Complaint are denied as stated. The subject lease agreement's terms speak for themselves.  Progressive Tractor would state that Harvey Funches is a total stranger to the rental agreement between Progressive Tractor and Chase Noland and Grizzly Harvesting, LLC and that plaintiff has no standing to attempt to enforce or benefit from or claim a breach of the terms of the rental agreement. Progressive Tractor would further state that plaintiff is not a third party beneficiary of the rental agreement.

38.

Progressive Tractor reasserts and incorporates all of its answers and defenses as set forth in Paragraphs 1 through 37 above.

39.

The allegations in Paragraph 39 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 39 are denied as stated.

40.

The allegations in Paragraph 40 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 40 are denied as stated.

41.

The allegations in Paragraph 41 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 41 are denied as stated.

42.

Progressive Tractor reasserts and incorporates all of its Answers and Defenses as set forth in Paragraphs 1 through 41 above.

43.

The allegations in Paragraph 43 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 43 are denied as stated.

44.

The allegations in Paragraph 44 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 44 are

denied as stated.

45.

The allegations in Paragraph 45 of the Amended Complaint do not pertain to Progressive Tractor.  However, to the extent that an answer is required, the allegations in Paragraph 45 are denied as stated.

46.

Progressive Tractor reasserts and incorporates all of its Answers and Defenses as set forth in Paragraphs 1 through 45 above.

47.

The allegations contained in Paragraph 47 of the Amended Complaint are denied. Progressive Tractor denies all allegations of negligence or wrongdoing in connection with the cause of this accident. Progressive Tractor further specifically denies that the plaintiff is entitled to damages from Progressive Tractor in any amount whatsoever.

48.

The allegations contained in Paragraph 48 of the Amended Complaint are denied. Progressive Tractor denies all allegations of negligence or wrongdoing in connection with the cause of this accident. Progressive Tractor further specifically denies that the plaintiff is entitled to damages from Progressive Tractor in any amount whatsoever.

49.

And in response to the last, unnumbered paragraph, beginning with the words "WHEREFORE, PREMISES CONSIDERED...," all of the allegations are denied.  Progressive Tractor denies all allegations of negligence or wrongdoing in connection with the cause of this

accident. Progressive Tractor further specifically denies that the plaintiff is entitled to damages from Progressive Tractor in any amount whatsoever.

## FOURTH DEFENSE

Progressive Tractor specifically denies any allegation of plaintiff's Amended Complaint not otherwise responded to hereinabove.

## FIFTH DEFENSE

Progressive Tractor denies each and every material allegation of the Amended Complaint by which plaintiff seeks to impose liability upon it, and Progressive Tractor denies any responsibility for this incident.

## SIXTH DEFENSE

Progressive Tractor is not liable to the plaintiff for any alleged negligence, conduct, action, failure or omission on the part of any other party or non-party which caused or contributed to the incident and plaintiff's alleged damages if any.

## SEVENTH DEFENSE

Progressive Tractor affirmatively pleads all applicable Mississippi tort reform statutes and laws.

## EIGHTH DEFENSE

Progressive Tractor specifically pleads the provisions of Miss. Code Ann. §85-5-7 (1999), and any recovery against Progressive Tractor must be limited in accordance with §85-5-7.

## NINTH DEFENSE

The plaintiff failed to mitigate his damages, if any.

**TENTH DEFENSE**

The negligence of plaintiff was the sole proximate cause, or alternatively, a proximate contributing cause of the incident in question and plaintiff's alleged damages, if any.

**ELEVENTH DEFENSE**

Plaintiff's alleged injuries and damages were caused in whole or in part by the alleged acts or omissions of third parties, for whom Progressive Tractor is not responsible or liable. Alternatively, the alleged acts or omissions of such third parties constituted an independent, intervening, and/or superseding cause of plaintiff's injuries and damages.

**TWELFTH DEFENSE**

Without waiving any other affirmative defense, Progressive Tractor affirmatively pleads and alleges that plaintiff knowingly failed to exercise ordinary and reasonable care for his own safety, constituting contributory negligence.

**THIRTEENTH DEFENSE**

The alleged condition which caused plaintiff's injury was open, obvious and readily apparent to plaintiff, or should have been had plaintiff been exercising reasonable care for his own safety.

**FOURTEENTH DEFENSE**

Plaintiff assumed the risk of all injuries.

**FIFTEENTH  DEFENSE**

**MOTION TO BIFURCATE**

COMES NOW defendant, Progressive Tractor, by and through its attorneys of record herein, and files this its Motion to Bifurcate the punitive damages issue from the underlying claim for compensatory damages pursuant to Miss. Code Ann. § 11-1-65(b) and (c) (supp. 1992), and Rule

42 of the F.R.C.P., and in support thereof would show unto the Court the following:

1.

Plaintiff has made separate claims against Progressive Tractor for compensatory and punitive damages.

2.

Pursuant to § 11-1-63(b) and (c), and Rule 42 of the F.R.C.P., Progressive Tractor is entitled to a separate evidentiary hearing on the punitive damages issue which should be commenced, if, but only if, an award of compensatory damages has been made against it.

WHEREFORE, PREMISES CONSIDERED, Progressive Tractor prays that the Court bifurcate the punitive damages issues from the underlying compensatory damages claims by deferring any address of punitive damages issues until a determination has been made as to plaintiff's claim for compensatory damages.

## SIXTEENTH DEFENSE

The plaintiff's demand for punitive damages, if granted, would violate the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States and Article III, Sections 14, 22 and 28 of the Mississippi Constitution of 1890. The practice of Mississippi courts in permitting the assessment of punitive damages is not reasonably related to any legitimate purpose, permitting a jury standard less discretion to determine the severity of the punishment, and is not related to a legitimate governmental interests.  Further, an award of punitive damages would violate the excessive fines clause of the Eighth Amendment of the Constitution of the United States.  Consequently, the Complaint should be dismissed to the extent that it seeks punitive damages.

-13-

## SEVENTEENTH DEFENSE

Progressive Tractor asserts all rights, benefits, and privileges to which it is entitled pursuant to the U.S. Supreme Court's opinion in the case styled, *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 ( April 2003).

## EIGHTEENTH DEFENSE

Section 11-1-65 of the Mississippi Code Ann. provides specific guidelines and requirements that must be met before punitive damages may be awarded; the plaintiff is not entitled to an award of punitive damages against Progressive Tractor and Progressive Tractor invokes all provisions of Mississippi Code § 11-1-65, as amended.

## NINETEENTH DEFENSE

Progressive Tractor affirmatively invokes each and every term of the rental agreement between Progressive Tractor and Chase Noland and Grizzly Harvesting, LLC.

## TWENTIETH DEFENSE

Without waiving any other affirmative defense, Progressive Tractor affirmatively states that Harvey Funches is a total stranger to the private party rental agreement between Progressive Tractor and Chase Noland and Grizzly Harvesting, LLC, and has no standing to attempt to enforce, benefit from, or claim a breach of the terms of the rental agreement. Progressive Tractor would further state that Harvey Funches is not a third party beneficiary of the rental agreement between  Progressive Tractor and Chase Noland and Grizzly Harvesting, LLC and has no standing to attempt to enforce, benefit from, or claim a breach of the terms of the rental agreement.

## TWENTY-FIRST DEFENSE

Progressive Tractor specifically pleads all of the provisions of Miss. Code Ann. §11-1-63,

-14-

including specifically §11-1-63(g) and its subparts.  Progressive Tractor was an innocent seller/lessor and a mere conduit of the alleged disc in question.  Progressive Tractor exercised no control over the design, testing, manufacture, packaging or labeling of the subject disc, nor did Progressive Tractor alter or modify the subject disc.  Progressive Tractor had no actual knowledge of any alleged defective condition of the subject disc at the time it was rented, nor did Progressive Tractor make any express factual representations about the subject disc.  To the extent any product liability claims are or may in the future be asserted against Progressive Tractor in this matter, Progressive Tractor is entitled to a defense and indemnity of any potential judgment against Progressive Tractor by the disc manufacturer, CNH Industrial America, LLC d/b/a Case IH.

### TWENTY-SECOND DEFENSE

There was no employment or agency relationship between Progressive Tractor and Chase Noland/Zip Tie Farm/Grizzly Harvesting, nor any other relationship that would hold Progressive Tractor vicariously liable for the alleged actions of Chase Noland on a *respondeat superior* theory or any other theory.

### TWENTY-THIRD DEFENSE

This defendant had no duty to warn Chase Noland of something about which he had knowledge and notice of.

### TWENTY-FOURTH DEFENSE

Progressive Tractor owed no duty and thus breached no duty to instruct defendant, Chase Noland, on how to transport the subject disc.

### TWENTY-FIFTH DEFENSE

The facts not having been fully developed, Progressive Tractor affirmatively pleads the

-15-

following affirmative defenses as may be applicable in this action: assumption of risk, contributory negligence, estoppel, fraud, illegality, laches, statute of limitations, release, accord, satisfaction, payment, *res judicata*, statute of frauds, waiver, and any other matter constituting an avoidance or affirmative defense.

AND NOW, HAVING FULLY AND FINALLY ANSWERED the allegations of the Amended Complaint, Progressive Tractor requests that the Amended Complaint be dismissed with prejudice and that all costs be assessed to the plaintiff.

## CROSS-CLAIM

Having fully answered the allegations of the Amended Complaint stated herein, the defendant, Progressive Tractor, hereby files a Cross-Claim against co-defendants, Chase E. Noland ("Noland") and Grizzly Harvesting, LLC ("Grizzly"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, and in support of its Cross-Claim says as follows:

1.

The cross-defendants, Noland and Grizzly, and the cross-plaintiff, Progressive Tractor, are already named parties to this action. This Court has jurisdiction over the subject matter and the parties.

2.

The Amended Complaint filed in this action seeks recovery of damages sustained by Harvey Funches in an alleged automobile accident with Noland that occurred on or about March 30, 2015, in Warren County, Mississippi. Mr. Noland was hauling a Case IH disc that he rented from Progressive Tractor on behalf of Grizzly.

3.

Progressive Tractor and Noland and Grizzly entered into a rental agreement for the rental of a Case IH 340 disc (Serial No. YDD071513). The Rental Agreement (attached hereto as Exhibit "1") required Noland and Grizzly to carry general liability insurance in a certain minimum amount and was to name Progressive Tractor as an additional insured. (See p. 1 of Rental Agreement.) Paragraph 8 on p. 2 of the Rental Agreement contains an indemnification clause in which Noland and Grizzly agreed to indemnify Progressive Tractor from all claims, losses and costs arising out of the use or condition of the equipment.

4.

While steadfastly denying all liability to the plaintiff, in the event that and to the extent that Progressive Tractor is found liable to Harvey Funches for damages arising out of the alleged use of the subject disc by Noland and Grizzly or the acts or actions of Noland and/or Grizzly, then Progressive Tractor has a contractual right to indemnity and common law indemnity against Noland and Grizzly for those damages awarded to Harvey Funches, if any, against Progressive Tractor.

5.

WHEREFORE, PREMISES CONSIDERED, Cross-Claimant, Progressive Tractor, prays that in the event a Judgment is rendered against it in favor of the plaintiff, then Progressive Tractor is entitled to indemnity, both pursuant to contract and at common law, and is entitled to a corresponding Judgment in the same amount against Chase Noland and Grizzly Harvesting, LLC, including all costs and attorney's fees incurred in the defense of this action, along with any prejudgment interest, post judgment interest, and such other relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED, this the 15th day of February, 2016.

**PROGRESSIVE TRACTOR AND IMPLEMENT COMPANY, LLC**

BY:   /s/Michael W. Baxter
                MICHAEL W. BAXTER (MSB # 2211)
                MASON S. MONTGOMERY (MSB #103313
                Attorneys for Defendant, Progressive Tractor and
                Implement Company, LLC

OF COUNSEL:
COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626

<u>**CERTIFICATE OF SERVICE**</u>

I, Michael W. Baxter, do hereby certify that on the 15th day of February, 2016, I electronically filed the foregoing Answer to Amended Complaint with the Clerk of the Court using the ECF system which sent notification of such filing to the following:  Dean Andrews, Jr., Esq.; Sam S. Thomas, Esq.; R. Bruce Barze, Jr., Esq.; Benjamin Bryant, Esq.

                    /s/Michael W. Baxter