**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**HARVEY LEE FUNCHES**                                                                 **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 3:15cv586HTW-LRA**

**CHASE E. NOLAND, CNH INDUSTRIAL
AMERICA LLC d/b/a CASE IH,
PROGRESSIVE TRACTOR AND
IMPLEMENT COMPANY, LLC, ZIP TIE
FARMS, LLC, and GRIZZLY
HARVESTING, LLC**                                                                **DEFENDANTS**

**ANSWER AND DEFENSES OF CNH INDUSTRIAL AMERICA LLC
TO AMENDED COMPLAINT OF PLAINTIFF HARVEY LEE FUNCHES**

Defendant CNH Industrial America LLC ("CNHI"), by and through counsel, files this Answer and Defenses to the Amended Complaint filed in this cause by Plaintiff Harvey Lee Funches, by stating as follows:

**AFFIRMATIVE DEFENSES**

1.

The Complaint fails, either in whole or in part, to state a claim or cause of action against CNHI upon which relief may be granted.

2.

CNHI owed no duty to Plaintiff.

3.

Any damages allegedly sustained by Plaintiff were not proximately caused by an act or omission of CNHI.

197242.1

4.

Plaintiff's claims are barred because any injuries Plaintiff sustained were proximately caused by the acts or omissions of Plaintiff himself and the acts or omissions of other parties over whom CNHI had no control and for whom CNHI had no responsibility.

5.

Plaintiff was negligent in the operation of his vehicle by, *inter alia,* failing to keep a proper lookout, violating the speeding limit, and failing to keep his vehicle under control, all of which conduct on the part of the Plaintiff was a proximate contributing cause of the accident.

6.

Defendant Chase E. Noland was negligent in the operation of his vehicle by failing to keep a proper lookout, violating the speeding limit, failing to keep his vehicle under control, and violating state laws governing the transportation of farm equipment, all of which conduct on the part of Defendant Chase E. Noland was a proximate contributing cause of the accident.

7.

Any recovery against CNHI is barred, or must be reduced, because of superseding or intervening acts or causes.

8.

Plaintiff's alleged injuries were not a foreseeable consequence of any act or omission by CNHI, and recovery for said injuries is therefore barred.

9.

CNHI would affirmatively show that the subject product was at all times reasonably fit and suitable for the purposes for which it was manufactured, sold, supplied, or distributed, and that Plaintiff's injuries did not result from any defect in that product, either by way of manufacturing, design, or warning or labeling.

10.

CNHI invokes all rights afforded under Miss. Code Ann. § 11-7-15 and analogous common-law principles concerning contributory and/or comparative negligence.

11.

CNHI invokes all rights afforded under Miss. Code Ann. § 85-5-7 and analogous common-law principles concerning apportionment of fault as to all parties and non-parties who may be jointly or severally liable for Plaintiff's alleged injuries and damages.

12.

Plaintiff's claim for punitive damages is barred by the Constitution and the laws of the United States; and, in particular, Plaintiff's claim of punitive damages is unconstitutional under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

13.

Plaintiff's demand for punitive damages is barred by the "ex post facto" and commerce clauses of the United States Constitution.

14.

Plaintiff's demand for punitive damages is barred or limited by the applicable provisions of Miss. Code Ann. § 11-1-65.

15.

The Plaintiff's exemplary damages claim is unconstitutional because elementary notions of fairness enshrined in our Constitutional jurisprudence dictate that a person receives fair notice not only of the conduct that will subject him to punishment, but also the severity of the penalty that a state may impose.

16.

The exemplary damages claim is unconstitutional to the extent an award is grossly excessive, it furthers no legitimate purpose and constitutes an arbitrary deprivation of property.

17.

Plaintiff's claims for exemplary damages are barred by the "Double Jeopardy Clause" of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment.

18.

An award of exemplary damages to Plaintiff would violate the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on grounds which include the following:

(a) It is a violation of Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon a plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases.

(b) The proceedings to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process clause of the Fifth and Fourteenth Amendment and the Equal Protection clause of the Fourteenth Amendment of the United States Constitution.

(c) The procedure pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violates the Due Process and Equal Protection clauses of the Fourteenth Amendment of the United States Constitution.

19.

An award of punitive damages to Plaintiff would violate the Constitution of the United States on the grounds set forth by the United States Supreme Court in *State Farm v. Campbell*.

20.

To the extent applicable, CNHI pleads the apportionment of damages as set forth in the provisions of Miss. Code Ann. § 85-5-7.

21.

To the extent applicable, Plaintiff's noneconomic damages must be limited by Miss. Code Ann. § 11-1-60.

22.

To the extent applicable, Plaintiff's claims for hedonic damages are barred by Miss. Code Ann. § 11-1-69.

23.

CNHI incorporates all defenses and affirmative defenses asserted by or available to other defendants in this action to the extent they would operate to bar or reduce any recovery.

24.

CNHI reserves the right to assert additional affirmative defenses to the extent warranted by discovery and the factual developments in this case.

## ANSWER

AND NOW, answering the Plaintiff's Amended Complaint, paragraph by paragraph and without waiving any defenses, CNHI responds as follows:

## PARTIES

1-2.   CNHI is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 1 and 2, and the same are, therefore, denied.

3. The allegations of Paragraph 3 are admitted.

4-6. CNHI is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 4 through 6, and the same are, therefore, denied.

## VENUE AND JURISDICTION

7-8. The allegations of Paragraphs 7 and 8 are admitted.

## FACTS

9-12. CNHI is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 9 through 12, and the same are, therefore, denied.

## CAUSES OF ACTION

### COUNT I—NEGLIGENCE OF DEFENDANT CHASE E. NOLAND

13-14. The allegations of Paragraphs 13 and 14 state legal conclusions which relate to another Defendant and do not require a response from CNHI. To the extent that any allegation of Paragraphs 13 and 14 would impose liability on CNHI, it is denied.

15-16. CNHI is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 15 and 16, and the same are, therefore, denied as they relate to CNHI.

### GROSS NEGLIGENCE OF DEFENDANT CHASE E. NOLAND

17. CNHI adopts and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18-19. The allegations of Paragraphs 18 and 19 are legal conclusions which relate to another Defendant and do not require a response from CNHI. To the extent that any allegation of Paragraphs 18 and 19 would impose liability on CNHI, it is denied.

### COUNT II—CAUSE OF ACTION AGAINST CNH INDUSTRIAL AMERICA LLC D/B/A CASE IH

20. CNHI adopts and incorporates by reference the foregoing paragraphs as if fully set forth herein.

21. CNHI admits that it designed and manufactured a True-Tandem™ 340 Disk Harrow (the "Disc Harrow") with serial number YDD071513 and that the Disk Harrow was sold to Progressive Tractor and Implement Company.

22. CNHI is without sufficient knowledge or information to admit or deny the allegations about the identity of the disk harrow being hauled by Defendant Noland. CNHI denies the remaining allegations contained in Paragraph 22.

23-25. The allegations contained in Paragraphs 23 through 25 are denied.

### GROSS NEGLIGENCE OF DEFENDANT CASE

26. The allegations contained in Paragraph 26 are denied.

### COUNT III—CAUSE OF ACTION AGAINST PROGRESSIVE TRACTOR AND IMPLEMENT COMPANY, LLC

27. CNHI adopts and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28-29. CNHI is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs 28 and 29, and the same are, therefore, denied.

### NEGLIGENCE OF PROGRESSIVE TRACTOR AND IMPLEMENT

30. CNHI adopts and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31. The allegations of Paragraph 31 and each of its sub-paragraphs are legal conclusions which relate to another Defendant and do not require a response from CNHI. To the extent that any allegation of Paragraph 31 would impose liability on CNHI, it is denied.

### GROSS NEGLIGENCE OF DEFENDANT
### PROGRESSIVE TRACTOR AND IMPLEMENT

32. The allegations of Paragraph 32 are legal conclusions which relate to another Defendant and do not require a response from CNHI. To the extent that any allegation of Paragraph 32 would impose liability on CNHI, it is denied.

### DEFENDANT NOLAND ACTING AS AGENT OF
### PROGRESSIVE TRACTOR AND IMPLEMENT

33. CNHI adopts and incorporates by reference the foregoing paragraphs as if fully set forth herein.

34. CNHI is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34, and the same are, therefore, denied.

### PROGRESSIVE TRACTOR AND IMPLEMENT'S
### FAILURE TO ENFORCE CONTRACT

35. CNHI adopts and incorporates by reference the foregoing paragraphs as if fully set forth herein.

36-37. The allegations contained in Paragraphs 36 and 37 are legal conclusions which relate to another Defendant and do not require a response from CNHI. To the extent that any allegations of Paragraph 36 and 37 would impose liability on CNHI, it is denied.

### COUNT IV—CAUSE OF ACTION AGAINST GRIZZLY HARVESTING

38. CNHI adopts and incorporates by reference the foregoing paragraphs as if fully set forth herein.

39. CNHI is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39, and the same are, therefore, denied.

40. The allegations of Paragraph 40 are legal conclusions which relate to another Defendant and do not require a response from CNHI.  To the extent that any allegation of Paragraph 40 would impose liability on CNHI, it is denied.

### GROSS NEGLIGENCE OF DEFENDANT GRIZZLY

41. The allegations of Paragraph 41 are legal conclusions which relate to another Defendant and do not require a response from CNHI.  To the extent that any allegation of Paragraph 41 would impose liability upon CNHI, it is denied.

### COUNT V—CAUSE OF ACTION AGAINST ZIP TIE FARM, LLC

42. CNHI adopts and incorporates by reference the foregoing paragraphs as if fully set forth herein.

43. CNHI is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43, and the same are, therefore, denied.

44. The allegations of Paragraph 44 are legal conclusions which relate to another Defendant and do not require a response from CNHI.  To the extent that any allegation of Paragraph 44 would impose liability upon CNHI, it is denied.

### GROSS NEGLIGENCE OF DEFENDANT ZIP TIE

45. The allegations of Paragraph 45 are legal conclusions which relate to another Defendant and do not require a response from CNHI.  To the extent that any allegation of Paragraph 45 would impose liability upon CNHI, it is denied.

### COUNT V—DAMAGES

46. CNHI adopts and incorporates by reference the foregoing paragraphs as if fully set forth herein.

47-48. The allegations of Paragraphs 47 and 48 are denied as they relate to CNHI.

Except as expressly admitted in this Answer, all other allegations of the Amended Complaint, including those contained in the sentence beginning "Wherefore, premises considered," are denied.

WHEREFORE, PREMISES CONSIDERED, Defendant CNH Industrial America LLC prays that this, its Answer, be deemed good and sufficient and that, after due proceedings are had, this Honorable Court grant judgment herein in favor of this Defendant and against Plaintiff, dismissing Plaintiff's demands with prejudice, awarding this Defendant all attorneys' fees and costs, and for all other general and equitable relief to which this Defendant is entitled.

Respectfully submitted, this, the 16th day of February, 2016.

        CNH INDUSTRIAL AMERICA LLC, Defendant

        BY:    BALCH & BINGHAM LLP

        BY:  */s/ Benjamin Bryant*
              Of Counsel

Of Counsel:

Benjamin Bryant (103623)
BALCH & BINGHAM LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
bbryant@balch.com

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day served, via the Court's Electronic Filing System, a true and correct copy of the above and foregoing document to the following counsel:

Dean Andrews Jr., Esq.
903 Jackson Street
Vicksburg, MS  39183
Telephone: 601-636-4488
Facsimile:  601-636-4493
andr4439@bellsouth.net
*Attorney for Plaintiff*

Sam Thomas, Esq.
Post Office Box 2790
Madison, MS  39130-2790
Telephone: 601-355-3668
Facsimile:  601-427-0041
sst@samthomaslaw.com
*Attorney for Defendants Chase Noland; Zip Tie Farms, LLC; and Grizzly Harvesting, LLC*

Michael W. Baxter, Esq.
COPELAND, COOK, TAYLOR & BUSH
P. O. Box 6020
Ridgeland, MS 39158-6020
Telephone: 601-856-7200
Facsimile: 601-353-6235
mbaxter@cctb.com
*Attorney for Defendant Progressive Tractor and Implement Company, LLC*

This, the 16th day of February, 2016.

> */s/ Benjamin Bryant*
> Of Counsel